LEROY J. LEHMANN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lehmann v. Commissioner
Docket No. 30435-87
United States Tax Court
T.C. Memo 1988-481; 1988 Tax Ct. Memo LEXIS 554; 56 T.C.M. (CCH) 412; T.C.M. (RIA) 88481; October 4, 1988
*554 Leroy H. Lehmann did not file Federal income tax returns for the years 1977 through 1982. The Service determined deficiencies for those years, plus penalties for negligence, substantial understatement, and failure to pay estimated tax. Lehmann petitioned the Tax Court. The Service moved for an order requiring Lehmann to respond to proposed stipulations. Lehman did not respond or show cause why the stipulations should not be deemed admitted. When the case was called for trial, the Service moved for summary judgment. Lehmann did not present any evidence. Tax Court Judge Korner has sustained the Service's motion for summary judgment, finding no dispute of material fact. Leroy J. Lehmann, pro se. Thomas E. Ritter, for the respondent. KORNER
MEMORANDUM OPINION KORNER, JUDGE: Respondent determined deficiencies in income tax and additions to tax against petitioner for the years and in the amounts as follows: Additions to Tax -- Sections
Year
Deficiency
6651(a)(1) [1]
6653(a)(1)
6653(a)(2)
6661
6654
1977
$ 2,074.00
$ 518.50
$ 365.20 -0- -0-
$ 280
1978
7,774.00
1,943.50
426.85
-0-
-0-
242 1979
5,380.52
1,345.13
431.88
-0-
-0-
194
1980
6,534.00
1,633.50
528.00
-0-
-0-
352
1981
9,031.00
2,257.75
604.00
50% of interest
-0-
633
due on $ 9,031.00
1982
8,959.00
2,239.75
647.00
50% of interest
$ 3,232.75
774
due on $ 8,959.00
*556 After the case was at issue, respondent filed a motion for an order under Rule 91(f), requiring petitioner to show cause why certain facts, as proposed for stipulation by respondent, should not be treated as established for purposes of this case. The Court granted respondent's motion, and entered an order to show cause, requiring petitioner to respond to the proposed facts. No response having been received from petitioner within the time allowed, the order to show cause was made absolute, and respondent's proposed facts were deemed established for the purposes of this case. When the case was called for trial, pursuant to notice, respondent filed a motion for partial summary judgment herein, with respect to the deficiencies as determined by him. Respondent's grounds were that the facts established by the Court's prior order under Rule 91(f)(3) were all the necessary relevant and material facts to support a decision in his favor on the deficiencies at issue, pursuant *557 to Rule 121(b). The parties were heard on this motion. The facts established pursuant to the Court's order include the following: At the time of filing his petition herein, petitioner resided at Kent, Washington. Petitioner did not file individual income tax returns for the taxable years 1977, 1978, 1979, 1980, 1981, or 1982. During each of the taxable years in question, petitioner was employed by the Port of Seattle in Seattle, Washington. For the years in question petitioner received wage income from the Port of Seattle in the following amounts: Year
Wage Income
1977
$ 24,967.75
1978
27,433.68
1979
28,547.90
1980
32,336.76
1981
35,448.78
1982
39,323.46
Petitioner was entitled to one personal exemption for the taxable years 1977 through 1982. In his notice of deficiency herein, respondent determined deficiencies in petitioner's tax for each of the taxable years in question, based upon income in the amounts as stated above, and with the allowance of one personal exemption. At the time the case was called for trial, petitioner was offered the opportunity to present any further evidence with respect to the issues in the case, but declined to do *558 so. Based upon the above facts, as established, the Court concludes that there is no genuine issue as to any material fact with respect to the determined deficiencies in this case, and that to this extent partial summary judgment should be rendered in favor of respondent. Rule 121(b). We so hold. With respect to the remaining issues in the case -- the additions to tax determined against petitioner under sections 6651(a), 6653, 6661, and 6654 -- the burden of proof on all these matters was upon petitioner. ; ; ; Rule 142(a). Petitioner having failed to offer any evidence with respect to these issues, he has failed in his burden of proof and respondent's determinations must be approved. To give effect to the above, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩